UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
In re:

     210 Roebling, LLC,                                Chapter 11
                                                Case No. 105-30206-JF

                     Debtor.

-----------------------------------------------------------x

## MEMORANDUM AND ORDER DENYING MOTION TO EXTEND DEBTOR'S TIME TO REDEEM REAL PROPERTY

Appearances:

Finkel Goldstein Rosenbloom & Nash, LLP
26 Broadway, Suite 711
New York, New York 10004
Attorneys for the Debtor

   By: Neal M. Rosenbloom, Esq.

Corporation Counsel of the City of New York
100 Church Street, Fifth Floor
New York, New York 10007
Attorney for the City of New York

   By: TaeRa K. Franklin, Esq.

Brooklyn Legal Services Corp.
Williamsburg Office, 260 Broadway
Brooklyn, New York 11211
Attorney for the tenants of 210 Roebling St., Brooklyn, New York

   By: Gibb Surette, Esq.

JEROME FELLER

UNITED STATES BANKRUPTCY JUDGE

Before the Court is a motion of 210 Roebling, LLC, the Debtor herein, to extend the time it may redeem real property upon which New York City ("City") obtained a foreclosure judgment ("Motion").    The Debtor contends the Court may extend the redemption period pursuant to its equitable powers under 11 U.S.C. § 105(a).    For the reasons hereinafter set forth, the Motion is denied.

I

The facts in this contested matter are not in dispute.    The Debtor has only one asset, real property commonly known as 210 Roebling St., Brooklyn, New York (the "Property").    The Property is a residential apartment building containing thirty-five residential units and seven commercial units.    Since September 23, 1992, the Property has been in the control and possession of David Pagan, an administrator under Article 7-A of the New York Real Property Actions and Proceedings Law, pursuant to an order of the Supreme Court of the State of New York, Kings County.    The Debtor acquired a deed to the Property for $51,000 in February 2005 from a referee in a foreclosure proceeding commenced by a mortgagee.    The Debtor is a New York limited liability company which was formed for the express purpose of acquiring the Property.    The acquisition was subject  to all outstanding real estate taxes and water and sewer charges on the Property owed to the City.    The City is the Debtor's only creditor.    The Debtor has no employees.

On October 18, 2002, the City commenced a modified in rem foreclosure action under the New York City Administrative Code for nonpayment of real estate taxes and other charges in the Supreme Court of the State of New York, Kings County.    As of November 1,

2005, the City's claims against the Property include: (1) $2,285,195.58 in unpaid real estate

taxes and related charges inclusive of statutory interest; and (2) $676,690.10 in unpaid water

and sewer charges inclusive of statutory interest.  A final in rem foreclosure judgment was

obtained by the City and filed on June 14, 2005.

After the filing of an in rem foreclosure judgment, the New York City

Administrative Code provides that "any person claiming to have an interest" in the property

foreclosed has the right to redeem the property by paying "all taxes, assessments and other

legal charges owing on said parcel, the lawful interest thereon to the date of payment and a

penalty of five percent of said payment."  N.Y.C. Admin. Code § 11-412.1(d).   The

redemption period lasts for four months.  Upon its expiration, the commissioner of finance

may execute a deed conveying the foreclosed property to the City or a qualified third party.

N.Y.C. Admin. Code § 11-412.1(c).  Here, under the New York City Administrative Code,

the last day for the Debtor to redeem the Property was October 14, 2005.

## II

On October 12, 2005, the Debtor filed a petition for relief under chapter 11 of the

Bankruptcy Code "to protect the Debtor's right to redeem the Property."[1]  Upon the filing

of a bankruptcy petition, 11 U.S.C. § 108(b) sets the time within which the debtor may

redeem property.  *See Canney v. Merchants Bank (In re Canney)*, 284 F.3d 362, 372-73 (2d

Cir. 2002)(holding that § 108(b) governs the tolling of a period of redemption).  Under §

108(b), if applicable nonbankruptcy law fixes a period within which a debtor may redeem

[1] Aff. Peter D. Yatrakis, Managing Member of the Debtor, dated October 12, 2005,
   annexed to the Chapter 11 petition (docket #1) ¶ 9.

3

property, and such period has not expired before the date of the filing of the petition, the debtor may redeem the property before the end of such period or sixty days after the order for relief, whichever is later. Since the time to redeem the Property under the New York City Administrative Code expired on October 14, 2005, § 108(b) gave the Debtor a sixty day extension from the date of the order for relief, or until December 12, 2005, to redeem.

On November 23, 2005, the Debtor filed the Motion seeking an order under §§ 108(b) and 105(a) further extending the time to redeem the Property for an additional 120 days, without prejudice to seeking additional extensions of time. On December 2, 2005, the City filed papers acknowledging that the Debtor's time to redeem the Property was extended to December 12, 2005, but vigorously opposing any further extension. The Article 7-A Administrator also filed opposition to the Motion. A hearing on the Motion was held on December 8, 2005, at which time the Debtor appeared in support. The City and a representative of the Property's tenants appeared in opposition. The Court reserved decision.

III

Section 105(a) of the Bankruptcy Code authorizes a bankruptcy court to "issue any order. . .  necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." The issue before the Court is whether § 105(a) permits a bankruptcy court to extend a statutory redemption period beyond the extension granted by § 108(b). A review of the decisional law addressing this issue has led to two opposing lines of cases.

The first line is embodied by the case *Bank of the Commonwealth v. Bevan*, 13 B.R. 989 (E.D.Mich. 1981). *See also In re 652 West 160th LLC,* 330 B.R. 455, 465 (Bankr. S.D.N.Y. 2005). In *Bevan*, the district court in the Eastern District of Michigan upheld a

bankruptcy court's tolling of a redemption period beyond that provided by § 108(b) as a permissible exercise of authority under § 105(a).  The Court found that the broad grant of power in § 105(a) authorizes a bankruptcy judge "in appropriate situations to grant the trustee a greater period of time in which to act than § 108 initially authorizes."  *Bevan*, 13 B.R. at 996.

　　　　　The second line, which includes the decisions of the three circuit courts to have considered the issue, and which is clearly the majority position, stands for the proposition that the bankruptcy court cannot utilize its equitable powers under § 105(a) to extend the redemption period, at least in the absence of extraordinary circumstances. *See e.g. Noonan v. Sec'y of Health and Human Servs. (In re Ludlow Hosp. Soc'y, Inc.),* 124 F.3d 22, 28 (1st Cir. 1997); *The Fed. Land Bank of Louisville v. Glenn (In re Glenn)*, 760 F.2d 1428, 1441 (6th Cir. 1985); *Johnson v. First Nat'l Bank of Montevideo Minn.*, 719 F.2d 270, 274 (8th Cir. 1983); *see also In re New Breed Realty Enterprises*, 278 B.R. 314, 318 (Bankr. E.D.N.Y. 2002); *Geron v. Valeray Realty Co., Inc. (In re Hudson Transfer Group, Inc.),* 245 B.R. 456, 460 (Bankr. S.D.N.Y. 2000); *In re Farmer,* 81 B.R. 857, 862 (Bankr. E.D.Pa. 1988); *In re Trust No. 101B,* 77 B.R. 973, 975 (Bankr. S.D.Fla. 1987); *Young v. United States (In re Young)*, 48 B.R. 678, 680 (Bankr. E.D.Mich. 1985); *In re Petersen*, 42 B.R. 39, 42 (Bankr. D.Or. 1984); *Martinson v. First Nat'l Bank of Oakes (In re Martinson),* 26 B.R. 648, 654 (D.N.D. 1983); *First Fed. Sav. and Loan Ass'n of Oakland v. Rutterbush (In re Rutterbush)*, 34 B.R. 101, 102 (E.D.Mich. 1982); *Fed. Land Bank of St. Paul v. Brown ( In re James),* 20 B.R. 145, 150-51 (Bankr. E.D.Mich. 1982); *In re Headley*, 13 B.R. 295, 297 (Bankr. D.Colo. 1981).  Those courts espousing the majority position maintain that the right

to redeem is a property right and to extend the time to exercise that right under § 105(a), absent exceptional circumstances, would enlarge a debtor's property rights beyond those specifically set forth by state law and by Congress under § 108(b). *See Glenn*, 760 F.2d at 1441; *Johnson*, 719 F.2d at 274.

IV

The Debtor urges the Court to follow the minority position set forth in *Bevan*. Moreover, the Debtor asserts that the *Bevan* position binds this Court because it was adopted by the Second Circuit in *Canney,* and cites to *In re 652 West 160th* in support of that proposition. *See In re 652 West 160th,* 330 B.R. at 464-65 (stating in dicta that the Second Circuit's decision in *Canney* adopted *Bevan's* position on the usage of § 105(a) to extend a statutory redemption period).

Preliminarily, with all due respect to the court in *In re 652 West 160th,* we reject a reading of *Canney* that the Second Circuit adopted *Bevan's* views on the empowering of bankruptcy courts by way of § 105(a) to extend the redemption period beyond that provided by § 108(b). To be sure, *Canney* did cite *Bevan* with approval, but only in the context of addressing whether § 108(b) or § 362 tolls a statutory redemption period. *See Canney*, 284 F.3d at 372 (stating "[w]e agree with the analysis in *Bevan* and thus join our sister Circuits in holding that § 108(b), not § 362(a), governs the tolling of a period of equitable redemption."). Nowhere in the *Canney* decision was there any discussion of extending the redemption period beyond that provided by § 108(b), or even a general discussion of a bankruptcy court's equitable powers under § 105(a). Accordingly, it seems clear that the Second Circuit has not spoken to the issue before this Court.

Upon a review of the rationale employed by the majority and minority positions, we believe that the majority position prohibiting the usage of § 105(a) to extend the redemption period provided by § 108(b) is  persuasive.   Unless Congress legislates otherwise, property rights are created and defined by state law.  *See Butner v. United States*, 440 U.S. 48, 55 (1979); *Canney*, 284 F.3d at 370.  Under New York City Administrative Code § 11-412.1(d),  the right to redeem property foreclosed in an in rem foreclosure action is a contingent interest that must be exercised within four months of the foreclosure judgment.  *See In re Haynes*, 283 B.R. 147, 156 (Bankr. S.D.N.Y. 2002) ("The moment the Mandatory [Redemption] Period expired without payment of the arrearage, the Debtor, like any other owner or party-in-interest, lost any ownership right that she may have had.").  To extend the time limitation to redeem set forth in the New York City Administrative Code or allowed by § 108(b) would constitute an  impermissible enlargement of a debtor's property rights.  As stated by the Eighth Circuit:

> "[A] bankruptcy court possesses only the jurisdiction and powers expressly or by necessary implication conferred by Congress . . . . Where Congress has chosen to exercise its authority, contrary provisions of state law must accordingly give way.  It is equally well-settled, however, that state laws are suspended only to the extent of actual conflict with the bankruptcy system provided by Congress, so that in the absence of any conflict between the state and bankruptcy laws, the law of the state where the property is situated governs questions of property rights."

*Johnson,* 719 F.2d at 273. Thus, while a bankruptcy court's equitable powers under § 105(a) may be broad, they cannot be invoked to alter substantive rights under nonbankruptcy law, absent exceptional circumstances. *Id.* at 274.

Furthermore, a bankruptcy court may exercise its equitable powers under § 105(a) only as a means to fulfill some specific Code provision." *In re Fesco Plastics Corp*., 996 F.2d 152, 154 (7th Cir. 1993). Upon the filing of a bankruptcy petition, § 108(b) fixes the time within which a debtor can cure a default under applicable non-bankruptcy law. This court takes note that although numerous other provisions of the Bankruptcy Code provide for extensions of time for cause, § 108(b) provides no such option. *See e.g.,* §§ 365(d)(1), 365(d)(4), and 1121(d). "When Congress expressly includes an element in one provision of a statue, and fails to include it in another, it manifests an intent to confine the element to the specified instance." *Hudson*, 245 B.R. at 460; *see also Field v. Mans*, 516 U.S. 59, 66 (1995); *Gozlon-Peretz v. United States,* 498 U.S. 395, 404 (1991). As such, in seeking to implement Congress' intent, we find further support for the proposition that § 105(a) may be employed to extend a statutory redemption period beyond that provided by § 108(b) only in exceptional circumstances.

In determining whether exceptional circumstances exist in the context of a  motion for an extension of time to redeem property under § 108(b),  we consider whether there has been "fraud, mistake, accident, or erroneous conduct on the part of the foreclosing officer." *See Glenn*, 760 F.2d at 1440; *Johnson*, 719 F.2d at 274; *see also Farmer*, 81 B.R. at 862; *Martinson*, 26 B.R. at 654;  *James,* 20 B.R. at 150;  *Headley*, 13 B.R. at 297. Here, it is clear that no exceptional circumstances are present.  The Debtor makes no claim of wrongdoing

8

by the City that adversely affected the Debtor's ability to redeem the Property within the statutory period.  Rather, the Debtor asserts that it needs more time to i) regain possession of the Property from the Article 7-A Administrator, ii) negotiate with the City a reduction of its claims, and  iii) obtain the financing necessary to satisfy such reduced claims.  As a bankruptcy court observed in one of the first cases to address the issue of extending a redemption period beyond the time afforded by § 108(b), "equity is available to protect property rights of the innocent debtor from the wrongful acts of other persons; however, equity does not extend to situations in which the debtor is simply unable to make the required payment within the prescribed time." *Headley,* 13 B.R. at 297.

<u>V</u>

Based on the foregoing, the Debtor's Motion for an order further extending the time to redeem the Property for an additional 120 days under §§ 108(b) and 105(a) is denied.

SO ORDERED

Dated: Brooklyn, New York
        December 19, 2005

<u>s/Jerome Feller</u>
Jerome Feller
United States Bankruptcy Judge

9